UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

ANNE SAFLEY HALE,  Case No. 11-33589-dof
 Chapter 7 Proceeding
Debtor.  Hon. Daniel S. Opperman
_____/

Opinion Regarding Chapter 7 Trustee's Motion for
Production of Documents Pursuant to Rule 2004 F.R.Bankr.P.

Introduction and Facts

Michael A. Mason, the Chapter 7 Trustee in this case, seeks the production of certain documents to investigate the value of the Debtor's interest in an entity known as Animal Blood Bank, Inc. ("ABB"). ABB responded to the Trustee's Motion and requests this Court deny the Trustee's request for the production of documents and information. In particular, ABB points to the pendency of a case entitled *Animal Blood Bank, Inc., et al. v. Hale*, Case No. 2:10-cv-02080 filed with the United States District Court for the Eastern District of California ("California Case"). ABB argues that the documents and information sought by the Trustee in the instant Motion can be and should be produced through the California Case and that the issues that prompted the Trustee to file his Motion in this case are already in issue in the California Case.

ABB, along with other Plaintiffs, filed an adversary proceeding with this Court seeking a determination of the dischargeability of various debts pursuant to 11 U.S.C. § 523. The Defendant answered the complaint in the adversary proceeding. ABB subsequently filed various motions with this Court seeking the lift of the automatic stay to allow the California Case to continue and to stay the adversary proceeding because the facts in the adversary proceeding would necessarily be

1

determined in the California Case. On December 19, 2011, this Court entered an Order granting the relief requested by ABB, including the lifting of the automatic stay to allow the California Case to continue and staying the adversary proceeding. The Chapter 7 Trustee filed a Motion for Reconsideration which this Court denied on February 1, 2012. For the reasons stated in this Opinion, the Court denies the Motion of the Trustee.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

The California Case involves claims and counter-claims between and among the parties regarding, among other issues, the Debtor's actions in regard to ABB and the potential loss of value of ABB as a result of the Debtor's actions. ABB, the Debtor, and the Trustee are parties to the California Case. A review of the information requested by the Trustee leads to the conclusion that this information is relevant and otherwise discoverable in the California Case. ABB concedes that if a proper discovery request was directed to it in the California Case, then it would need to respond and comply with the request.

The Trustee argues that information requested is necessary for him to value the Debtor's interest in ABB, if any. Except for the financial inability of the Trustee to conduct discovery in the California Case, the Trustee cannot point to any reason why the information cannot be requested and obtained in the California Case. Moreover, the value of the Debtor's interest in ABB, if any, will necessarily be determined in the California Case. While the Trustee may indeed have an interest

that needs to be administered in regard to the ABB stock, that interest will be determined in California, not Michigan.

While Rule 2004 does allow for the production of the information requested by the Trustee, the pending adversary proceeding and, by extension, the California Case, overrides Rule 2004. *In re Bennett Funding Group, Inc.*, 203 B.R., 24, 28 (Bankr. N.D.N.Y. 1996). Rule 2004 is designed to allow parties, in this case, the Trustee, to begin investigation and exploration of facts, but once a civil action or adversary proceeding is filed, then the rules and procedure for that particular court govern.

Here, there is no compelling reason to order the information requested by the Trustee under Rule 2004 when specific procedures are allowed in the California Case. Absent the ability to engage in discovery in the California Case, the Court would grant the Trustee's request. In this case, however, the Trustee has ample opportunity and ability to obtain that information in the California Case.

For these reasons, the Court denies the Motion of the Trustee for Production of Documents Pursuant to Rule 2004.

Counsel for ABB is directed to prepare an Order consistent with this Opinion and obtain approval of counsel for the Trustee or to submit the Order through the notice of presentment procedures of this Court.

**Signed on April 30, 2012**

                                        **/s/ Daniel S. Opperman**
                                        **Daniel S. Opperman**
                                        **United States Bankruptcy Judge**